# JUNE 28, 1940

RAYMOND BALLEW V. THE STATE.

No. 20961. Delivered May 8, 1940.
Rehearing Denied (Without Written Opinion) June 28, 1940.

The opinion states the case.

*James C. Mahan,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to murder without malice. The punishment assessed is confinement in the State penitentiary for a term of two years.

This is a companion case to that of the State of Texas v. Raymond Ballew, No. 20,962, this day decided. (Page 636 of this volume.) The facts in the present instance are identical with those in that case and the same questions are presented here as therein. However, the jury, in cause No. 20,962, found appellant guilty of an assault to murder with malice while in the instant case they found him guilty of an assault to murder without malice.

In this case as in that case appellant complains of paragraph 9 of the court's charge which is alike in verbiage in both cases. However, since the jury found him guilty in this case of an assault to murder without malice, the same ground for a complaint does not exist as in the other case wherein he was convicted of said offense with malice. His contention seems to be that notwithstanding the jury found him guilty in this case of an assault to murder without malice, the charge, nevertheless, reflects reversible error in that it does not apply the law of reasonable doubt between the instruction on the law of murder without malice and that of aggravated assault. For the purpose of demonstrating the incorrectness of appellant's contention, we quote the pertinent parts thereof: "But if you should fail to so find beyond a reasonable doubt, (meaning appellant's guilt of murder without malice) you cannot convict the defendant of an assault to commit murder without malice, but you may then consider * * * whether the defendant is guilty or not of the offense of aggravated assault under the law as herein given you."

We are of the opinion that the foregoing instruction means that unless the jury believed from the evidence, beyond a reasonable doubt, that appellant was guilty of an assault with intent to murder without malice, then to consider whether or not he was guilty of an aggravated assault, followed by an instruction on the law thereof. This gave the jury an adequate guide by which to determine from the evidence of which offense, if any, appellant was guilty.

We do not deem it necessary to here discuss the other questions presented inasmuch as we have discussed them in the other case to which reference has been made.

636

While the court's instruction relative to alibi is more verbose than necessary, still we do not see how the jury could have been misled thereby. The court's charge, when stripped of unnecessary verbiage, in effect told the jury that if they believed from the evidence that at the time and place of the alleged assault *the defendant was* inside of the house in which he resided or elsewhere and not in the alley behind the utility pole and therefore was not and could not have been the person who made said assault, or if they had a reasonable doubt thereof, to acquit him. This, it appears to us, was sufficient to direct the jury what to do in case they believed from the evidence that at the time of the alleged assault appellant was not behind the utility pole, but in his home or elsewhere, or if they had a reasonable doubt thereof, to acquit him.

Having reached the conclusion that no error of a reversible nature is reflected by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.